CHAPIN v BECHLER

Docket No. 50223. Submitted December 5, 1980, at Lansing.—Decided
    February 5, 1981.

Bernice N. Chapin and Anna L. Minock were injured in an
    automobile accident when their car collided with one driven by
    Marion R. Bechler. Bernice Chapin, Anna Minock and their
    husbands brought an action against Marion Bechler in the
    Livingston Circuit Court. A jury found defendant 80% negli-
    gent and Mrs. Chapin, the driver of the other car, 20% negli-
    gent, awarded the women $1,000 each, and found in favor of
    their husbands on their claims of loss of consortium, but
    awarded no damages. Plaintiffs moved to increase the jury
    verdict. The trial court, Paul R. Mahinski, J., increased the
    award to $12,000 for Mrs. Chapin less 20% for her negligence
    and $10,000 for Mrs. Minock (holding that those amounts
    represented the highest that should have been awarded based
    on the proofs), awarded the husbands $2,000 each, and entered
    a judgment. Defendant appeals. *Held:*

    1. The trial court did not follow the procedures set forth in
    the court rules regarding additur.

    2. The court rule regarding visual depositions requires that a
    stenographic record be made of each one used at trial.

    3. Appellate courts do not generally favor the practice of
    granting partial new trials in personal injury cases because
    liability and damage issues are commonly interwoven. How-
    ever, a partial new trial is justified where the circumstances of
    a case establish that justice will be fully and better served.

    Reversed and remanded with instructions.

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Damages § 398.
    58 Am Jur 2d, New Trial § 27.
    Propriety of limiting to issue of damages alone new trial granted on
        ground of inadequacy of damages awarded. 29 ALR2d 1199.
[2] 58 Am Jur 2d, New Trial § 27.
    Separate trial of issues of liability and damages in tort. 85 ALR2d
        9.
[3] 23 Am Jur 2d, Depositions and Discovery § 25.5.

1. DAMAGES — PARTIAL NEW TRIAL — DISCRETION — COURT RULES.

The question of damages is one of fact for the jury, but under the court rules a party may be granted a new trial on the basis that damages awarded were inadequate or excessive; the grant or denial of a new trial is within the discretion of the trial court, and a grant or denial of a new trial grounded upon inadequate damages will be reversed on appeal only where the trial court has palpably abused its discretion (GCR 1963, 527.1[4], 527.6).

2. NEW TRIAL — PARTIAL NEW TRIAL — APPEAL.

Appellate courts do not generally favor the practice of granting partial new trials in personal injury cases because liability and damage issues are commonly interwoven; however, a partial new trial is justified where the circumstances of a case establish that justice will be fully and better served.

3. EVIDENCE — VISUAL DEPOSITIONS — COURT RULES.

The court rule regarding visual depositions requires that a stenographic record be made of each one used at trial (GCR 1963, 315.6[1]).

*Robert F. Ponte,* for plaintiffs.

*Jan Armon* and *Arthur Heikkinen,* for defendant.

Before: DANHOF, C.J., and M. F. CAVANAGH and MACKENZIE, JJ.

PER CURIAM. The instant action arose out of an automobile accident which occurred on March 2, 1976, shortly after 7 p.m. Bernice N. Chapin was driving Anna Minock's station wagon east on M-36 toward Pinckney with Anna Minock as a passenger. Defendant was driving her automobile west on M-36. Defendant made a left turn into the driveway of Pinckney Elementary School. Bernice Chapin applied her brakes and swerved to the left in order to avoid a collision. The Minock vehicle struck the right front fender of defendant's automobile, slid along the length of its right side, and

struck the front of an oncoming vehicle driven by Lawrence Bell. Both women received severe lacerations about their faces, which resulted in permanent scarring.

The jury found defendant 80 percent negligent and the driver of the Minock vehicle, Mrs. Chapin, 20 percent negligent. The jury awarded both women $1,000, found in favor of the husbands of the women on their claims for loss of consortium, but awarded no damages. Subsequently, plaintiffs brought a motion to increase the jury verdict. The trial court increased the award of Mrs. Chapin to $12,000 minus 20 percent for negligence, as found by the jury, and $10,000 for Mrs. Minock, while increasing the damages sustained by the husbands to $2,000 each. Defendant appeals as of right from the trial court's judgment and order increasing the plaintiffs' awards.

GCR 1963, 527.1 provides:

"A new trial may be granted to all or any of the parties and on all or part of the issues whenever their substantial rights are materially affected, for any of the following causes: * * *

"(4) A verdict which is clearly or grossly inadequate or excessive."

Further, GCR 1963, 527.6, which pertains to remittitur and additur, provides:

"When a finding is made that the only error in the trial is the inadequacy or excessiveness of the verdict, the court may deny a motion for new trial on condition that within 10 days the non-moving party consents in writing to the entry of judgment of an amount found by the judge to be the lowest or highest amount respectively which the evidence will support. If the moving party appeals, this agreement shall in no way prejudice the party so agreeing, in arguing on appeal, that the

original verdict was correct and if he prevails the original verdict may be reinstated by the supreme court."

The question of damages is one of fact for the jury, but under the court rules, a party may be granted a new trial on the basis that the damages awarded were inadequate. The grant or denial of a new trial is within the discretion of the trial court and this Court will reverse a grant or denial of a new trial grounded upon inadequate damages only where the trial court has "palpably" abused its discretion. *Dooms v Stewart Bolling & Co,* 68 Mich App 5, 20; 241 NW2d 738 (1976). Here, the issue is whether the trial court followed the proper procedure in increasing the jury verdict.

On January 28, 1980, the trial court heard arguments on plaintiffs' motion to increase the jury verdict. At the conclusion of argument by counsel, the trial court asked both women to step forward for the purpose of viewing their faces. After observing the scarring on the faces of both women, the trial judge commented that he could not understand how the jury awarded only $1,000 to each. The trial court then increased the damages of both women and awarded damages to their husbands. At a hearing on February 22, 1980, concerning the decision of the trial court on January 28, 1980, defense counsel objected to the proposed judgment, indicating that it was handled improperly. Defense counsel pointed out that judgment on the jury verdict should have been entered and that thereafter, the plaintiffs should have filed a motion for a new trial and the court could have considered the additur at that time. However, the trial judge commented that he had not heard any objections before and indicated that he was considering plaintiffs' original motion to increase the

jury award as a motion for judgment *non obstante verdicto,* a new trial, or additur. Further, the trial court stated that the additur granted by it was the highest that should have been awarded based on the proofs. The trial court then offered defendant a new trial *nunc pro tunc* and asked that a judgment in accordance with the jury verdict and one in conformity with his findings be prepared.

At a hearing on February 25, 1980, the trial court heard arguments on the motion for entry of the judgment. The trial judge indicated at that time that he did not find any error in the trial. Rather, he said that the jury verdict was inadequate. After further discussion, the judge stated that, as he read GCR 1963, 527.6, everything was conditioned on the first sentence of that court rule and, since he made no finding that the inadequacy of the verdict was the only error in the trial, the provision in the proposed judgment allowing defendant to consent to the entry of the judgment in an amount found by the trial court to be the lowest was unnecessary and struck that provision. After further argument, the trial court signed a judgment in conformity with the jury verdict and also signed the judgment defendant now appeals from.

The trial court failed to follow GCR 1963, 527.6. The court rule requires that a finding be made that the only error in the trial was the inadequacy of the verdict. This the trial court specifically refused to do and struck that provision from the proposed judgment. Further, the trial court must find that the additur is the lowest amount which the evidence would support. The trial court found that the additur was the highest amount the evidence would support. The trial court's interpretation of GCR 1963, 527.6 was in error. If the trial court's interpretation is upheld, this Court would

sanction the trial court's substitution of its opinion for the verdict of the jury. The question of damages is one of fact for the jury. *Dooms, supra.* Therefore, the trial court improperly increased the jury verdict.

Defendant also argues that the trial court's refusal to make a stenographic record of plaintiffs' videotape proofs precludes appellate review since plaintiffs' counsel failed to join in defendant's request. While this is not germane to the question of whether the trial court followed the proper procedure in increasing the jury verdict, nevertheless, after remand to the trial court, the substance of the visual depositions will be important in the event there is further appellate review of the lower court's actions in response to this Court's disposition of the current appeal. GCR 1963, 315.6(1) requires that a stenographic record be made of all video depositions used at trial, which the trial court refused to order after defendant's objection. Accordingly, upon remand, the lower court is instructed to direct the court stenographer to make a stenographic record of the visual depositions used at trial and on hearing after remand by this Court.

This Court vacates the trial court's increase of the jury verdict and remands to the trial court for proper proceedings pursuant to GCR 1963, 527.1(4) and 527.6. However, it must be determined what procedure is to be followed on remand. In *Dooms, supra,* this Court indicated that it generally does not favor the practice of granting partial new trials in personal injury cases because the liability and damages are commonly interwoven. However, where there is substantial proof presented to show liability, justice would not be served by incurring the added time and expense necessary for a full-

blown retrial. Here, as in *Dooms,* it appears that if the case were retried on all the issues, the result would not be different on the question of liability. Mrs. Chapin, Mr. Bell, and Mr. Lazarz, a passenger in Mr. Bell's automobile, all testified that defendant turned abruptly in front of plaintiffs' auto and that plaintiff Bernice N. Chapin could not avoid the collision. Further, the jury found that defendant was negligent and Mrs. Chapin was 20 percent negligent. Therefore, in the event defendant does not consent to additur and the trial court grants a new trial, the trial shall be limited to the question of damages and the lower court's stenographer shall be directed to make a stenographic record of the audio-visual depositions in accordance with GCR 1963, 315.6(1). We reverse and remand to the trial court for proceedings consistent with this opinion.

Reversed and remanded. No costs, neither party having prevailed in full.