DEKKER v LUBBEHUSEN

Docket No. 53358. Submitted November 3, 1981, at Lansing.—Decided March 17, 1982.

David H. Dekker, administrator of the estate of Susan M. Dekker, deceased, was awarded a $2,000 verdict following a jury trial in Midland Circuit Court for the wrongful death of his wife. The court, David S. DeWitt, J., denied plaintiff's motion for a new trial limited to the question of damages or, in the alternative, for additur. Plaintiff appeals. *Held:*

1. The damages awarded plaintiff are grossly inadequate to compensate him, and the reasons cited by the trial court for denying plaintiff's motion are improper and constitute a culpable abuse of discretion.

2. The question of liability clearly has been resolved, making a partial new trial on the question of damages alone sufficient.

Reversed and remanded for a partial new trial on the issue of damages alone.

1. Motions and Orders — New Trial — Inadequate Damages.

The granting or denial of a motion for a new trial rests within the sound discretion of the trial court, and the Court of Appeals will not reverse a grant or denial of a new trial based upon inadequate damages unless it is convinced that the trial court culpably abused its discretion.

2. Appeal — Personal Injury — Damages — Partial New Trial.

Appellate courts, as a general rule, do not favor a practice of granting a partial new trial in a personal injury case because the issues of liability and damages so frequently are inter-

References for Points in Headnotes
[1] 4 Am Jur 2d, Appeal and Error § 18.
58 Am Jur 2d, New Trial §§ 212, 213.
[1, 2] 58 Am Jur 2d, New Trial § 153.
Property of limiting to issue of damages alone new trial granted on ground of inadequacy of damages awarded. 29 ALR2d 1199.
[2] 58 Am Jur 2d, New Trial §§ 27, 155.
Separate trial of issues of liability and damages in tort. 85 ALR2d 9.

woven; however, an exception to this rule has been made in cases where the liability was clear.

*Cicinelli, Mossner, Majoros & Alexander, P.C.,* for plaintiff.

*William C. Hoffmann,* for defendants.

Before: BRONSON, P.J., and T. M. BURNS and J. T. CORDEN,* JJ.

T. M. BURNS, J. Plaintiff was awarded a $2,000 verdict following a jury trial for the wrongful death of his wife. Shortly after the date of the verdict, plaintiff moved for a new trial limited to the question of damages or, in the alternative, for additur. Plaintiff's motion was denied and he now appeals as of right.

Plaintiff's wife was killed in an automobile accident while riding in her father's car with her sister when the car hit a curb and flipped over, partially ejecting her from the passenger's window. The principal issue at trial concerned the determination of who was driving the vehicle at the time of the accident.

The sole issue in this appeal is whether the jury verdict, which included funeral and burial expenses of $1,887, was patently and grossly inadequate to compensate for the wrongful death of plaintiff's 24-year-old decedent.

The granting or denial of a motion for new trial rests within the sound discretion of the trial judge and this Court will not reverse a grant or denial of a new trial based upon inadequate damages unless we are convinced that the trial judge culpably abused his discretion. *Chapin v Bechler,* 103 Mich App 629, 632; 303 NW2d 46 (1981).

___

* Circuit judge, sitting on the Court of Appeals by assignment.

The gist of the trial judge's opinion denying plaintiff's motion was that the jury was entitled to take a very cynical view of plaintiff's damages and to award him only slightly more than the burial and funeral costs. Although there was no proof that the jury in fact was adversely affected by the family relationship between plaintiff and defendants, it appears from the transcript that this was a definite possibility. Moreover, the reasons cited by the trial judge for denying the motion for a new trial, or in the alternative, for additur, do constitute a culpable abuse of discretion. That is, the reasons cited by the trial judge, such as the relative short duration of the marriage of plaintiff and his decedent, plaintiff's looks, and the potential for the marriage to have. ended in a divorce, are not proper.

The undisputed testimony at trial established that the decedent was scheduled to begin full-time employment with an annual salary of $6,500 within a few days after the date she died. It does not appear that the jury awarded any damages for the loss of prospective wages. Nor does it appear that plaintiff was awarded any damages whatsoever for the loss of services, society, companionship or financial support that he suffered. Therefore, we are left with the definite conviction that the damages awarded plaintiff are grossly inadequate to compensate him.

The question we must now address then, is whether it would be appropriate for us to remand for a new trial on the questions of liability and damages or whether we should remand for trial on the question of damages only. As a general rule, appellate courts do not favor a practice of granting a partial new trial in a personal injury case because the issues of liability and damages so fre-

quently are interwoven. However, appellate courts have made an exception to this rule in cases "where the liability was clear". *Trapp v King,* 374 Mich 608, 611; 132 NW2d 640 (1965).

The principal issue at trial in this case was the determination of who was driving the car at the time of the accident. Defendant Sally Lubbehusen was driving the automobile when it left the family home. However, she consistently maintained at trial that after visiting a bar she gave the keys to plaintiff's decedent. Nonetheless, she had great difficulty in remembering the events that occurred on the day of the accident, and the balance of her testimony was confused and inconsistent. On the other hand, the testimony of eyewitnesses to the accident was unequivocal to the extent that it established that after the automobile hit the curb and started to roll, plaintiff's decedent was partially ejected from the passenger side of the vehicle. Further, after it came to rest on its top, plaintiff's decedent was found lying halfway out of the passenger's window whereas defendant Sally Lubbehusen was found lying on the ceiling of the driver's side of the vehicle.

There was no way that this accident could have occurred except for the negligence of the vehicle's driver. In making their determination as to who was driving, the jury was required to choose between the undisputed physical evidence and the testimony of defendant Sally Lubbehusen. In light of the fact that the principal issue the jury was required to resolve concerned the identity of the driver of the automobile and the fact that the jury found defendants liable, the inescapable conclusion is that the jury determined that defendant Sally Lubbehusen was driving the automobile at the time of the accident. Therefore, we are convinced

that the question of liability clearly has been resolved. Thus, a partial new trial on the question of damages alone would be sufficient in this matter.

The trial judge abused his discretion by denying plaintiff's motion for a new trial or, in the alternative, for additur. This cause is reversed and remanded for a partial new trial on the issue of damages alone.